IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUGENE ROBERT ZARWELL | : |
| | : |
| v. | : Civil No. WMN-05-1938 |
| | : |
| KING & NORDLINGER, L.L.P. | : |
| | : |

**MEMORANDUM**

Before the Court is a second Motion to Dismiss filed by Defendant King & Nordlinger, L.L.P.  Paper No. 24.  Plaintiff, Eugene Robert Zarwell, has opposed the motion.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

On July 18, 2005, pro se Plaintiff filed suit against Defendant alleging various violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  The facts surrounding these claims were set forth in this Court's January 11, 2006, opinion.  Paper No. 19.  In that opinion the Court granted Defendant's motion to dismiss as to all claims except Plaintiff's claim under § 1692g.  Section 1692g(a) provides for the validation of debts and requires that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing" five specified pieces of

information.  Plaintiff alleges that Defendant violated the notice provisions of § 1692g when his receipt of a summons was the first notice of debt he received; the named creditor was an unknown entity to Plaintiff; and Defendant allegedly denied Plaintiff further information concerning the debt.  Compl. ¶¶ 5, 7, 8, 10, 23.  In its January 11, 2006, Opinion, the Court held that the § 1692g claim could not be dismissed at that time because a dispute remained as to whether Defendant was a "debt collector" under the FDCPA and whether the summons constituted an "initial communication."  Opinion 7-9.

In its present motion to dismiss, Defendant asks the Court to reconsider its ruling.  Defendant notes that in its initial motion to dismiss it argued, albeit in a somewhat cursory manner, that Plaintiff's claims were barred by the statute of limitations.  The Court, however, did not address the statute of limitations argument in its opinion.  Defendant uses the second Motion to Dismiss to further clarify that argument.[1]

Defendant contends that Plaintiff failed to file the present

---

[1] Rule 12(g) of the Federal Rules of Civil Procedure prevents parties from including in a motion defenses that were available at the time an earlier motion was filed.  The purpose of Rule 12(g) is to "eliminate unnecessary delay at the pleading stage." 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1384 (2004).  Courts will entertain a second motion to dismiss when "it is not interposed for delay, and [when] its consideration will expedite the disposition of the case on the merits." Thorn v. N.Y. City Dep't of Social Servs., 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981).

action within the FDCPA's one year statute of limitations. Section 1692k(d) allows an action under the FDCPA to be brought "within one year from the date on which the violation occurs." According to Plaintiff, he received the summons on May 11, 2004. Compl. ¶ 4.[2]  If this summons were to constitute an "initial communication" under § 1692g, Defendant had five days after this communication to provide Plaintiff with the requisite notice. Assuming notice was not received, May 16, 2004, would be the date of the alleged violation.  Plaintiff filed this suit on July 18, 2005, which is more than one year after the date on which the violation occurred.  Thus, Plaintiff's § 1692g claim is barred by the statute of limitations.

For this reason, Defendant's second motion to dismiss the complaint will be granted.  A separate order consistent with this Memorandum will follow.

                                                    /s/

                                    William M. Nickerson
                                    Senior United States District Judge

Dated: June 6, 2006

---

[2] The Court notes that Defendant contends that the summons was served on Plaintiff no later than April 9, 2004. Mem. 5.  In support of this date, Defendant cites to, "Exhibit 1; District Court of Maryland for Montgomery County Notice of receipt of [Zarwell's] Intention to Defend."  The Court does not have any exhibit verifying the date of the summons and will assume the May 11, 2004, date provided by Plaintiff to be accurate.  The Court notes that under both dates of service provided by Plaintiff and Defendant the suit is barred by the statute of limitations.

3